Mario Erick LOPEZ–GOMEZ,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–74418.
Agency No. A75–746–002.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

Mario Erick Lopez–Gomez, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM**

Mario Erick Lopez–Gomez, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have juris-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

diction pursuant to 8 U.S.C. § 1252. We review an adverse credibility determination for substantial evidence. *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001). We deny the petition.

Lopez–Gomez testified that the mother of his child had been beaten to death by soldiers. He did not, however, mention this incident in his application, nor in the declaration that he submitted between his two merits hearings. Moreover, he did not testify to this incident until cross-examination. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003) (upholding adverse credibility determination where petitioner failed to include a dramatic event in two asylum applications and principle testimony). As these omissions are not minor and "relate to the basis for [the] alleged fear of persecution," the IJ's adverse credibility determination is supported by substantial evidence. *See de Leon–Barrios v. INS*, 116 F.3d 391, 393–94 (9th Cir.1997).

Because Lopez–Gomez failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). In addition, because his claim for relief under the CAT was based on the same incredible evidence as his asylum application, substantial evidence also supports the IJ's denial of relief under the CAT. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**